IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLAUD EDWARD COTTRELL** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-995-STE |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| Defendant.[1] | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues, the Court **REVERSES** the Commissioner's decision and **REMANDS** the case for further administrative proceedings.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.  **PROCEDURAL BACKGROUND**

This case has a lengthy procedural history. After twice being denied benefits at the agency level,[2] Plaintiff filed a third application for DIB and SSI in September 2013, and these applications, too, were denied initially and on reconsideration. But this time, Plaintiff requested and received a hearing before an administrative law judge, (ALJ). ALJ Angelina Hamilton held a hearing after which she determined Plaintiff was not disabled. On appeal, however, the Social Security Appeals Council reversed the ALJ's decision and remanded the case so that ALJ Hamilton could reconsider the limiting effects of Mr. Cottrell's physical and mental impairments. (TR. 91).[3]

ALJ Hamilton held a second hearing at which a medical expert (ME) and a vocational expert (VE) testified. She issued a second unfavorable decision on October 2, 2017. (TR. 91-105). The Appeals Council affirmed the denial of benefits, and Plaintiff appealed to this Court.

On appeal, the Social Security Administration (SSA) moved for remand, having determined further administrative proceedings were necessary. This Court granted the SSA's motion and specified that the case be assigned to a different ALJ. See *Cottrell v. Social Security Administration*, CIV-18-895-F (W.D. Okla.).

On August 6, 2019, ALJ Edward L. Thompson conducted a hearing at which Plaintiff and a VE appeared and testified. (TR. 1258-1321). ALJ Thompson did not call a

---

[2] Plaintiff did not appeal the denial of either of his first two applications.

[3] In her second unfavorable decision, ALJ Hamilton outlined the requirements set forth by the Appeals Council.

medical expert to testify at the hearing. On October 7, 2019, ALJ Thompson issued an unfavorable decision. (TR. 1220-1242). The Appeals Council denied Mr. Cottrell's request for review, and this appeal followed.

## II.   THE ADMINISTRATIVE DECISION

The ALJ determined Mr. Cottrell's insured status for DIB expired on December 31, 2014. The ALJ then followed the five-step sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 16, 2013, the amended onset date. (TR. 1224). At step two, the ALJ determined Mr. Cottrell suffered from the following severe impairments: degenerative disc disease; essential hypertension; asthma; status post left shoulder arthroscopy; depression; anxiety; and post-traumatic stress disorder (PTSD). (TR. 1225). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 1226).

At step four, the ALJ concluded that Mr. Cottrell retained the residual functional capacity (RFC) to:

[P]erform light exertion work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant is able to lift and/or carry (including upward pulling) twenty pounds occasionally and ten pounds frequently; the claimant can stand and/or walk (with normal breaks) for a total of four hours in an 8-hour workday; the claimant can sit (with normal breaks) for a total of six hours in an 8-hour workday; the claimant can never climb ladders, ropes or scaffolds; the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; with the left upper extremity, the claimant can frequently push and pull; with the three remaining extremities (i.e., the right upper extremity and the two lower extremities), the claimant's ability to push and/or pull (including operation of right hand controls and bilateral foot controls) is unlimited, other

than as specified above for lift and/or carry. With the left upper extremity, overhead reaching is frequent. With the left upper extremity, reaching in all other directions (except overhead reaching) is unlimited. With the right upper extremity, reaching in all directions (including overhead reaching) is unlimited. With the left hand, handling is frequent. With the right hand, handling is unlimited. With the left hand, fingering is frequent. With the right hand, fingering is unlimited. The claimant can tolerate frequent exposure to temperature extremes (extreme head [sic] and extreme cold) and can frequently tolerate exposure to respiratory irritants such as fumes, odors, dusts, gases, and poor ventilation. Mentally, the claimant can understand, remember, and carry out simple and some detailed instructions. The claimant is able to make judgements on simple and detailed work-related decisions. The claimant can relate to others, including co-workers, supervisors, and the public, on an occasional work basis. The claimant is able to adapt to a work situation that is simple or detailed, but not complex.

(TR. 1229).

With this RFC, the ALJ concluded that Mr. Cottrell could not perform his past relevant work. (TR. 1240). Thus, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 1306-1309). Given the limitations, the VE identified three jobs from the *Dictionary of Occupational Titles*. (TR. 1309-1310 ). At step five, the ALJ adopted the VE's testimony and concluded that Mr. Cottrell was not disabled based on his ability to perform the identified jobs. (TR. 1242).

### III.   ISSUES PRESENTED

On appeal, Mr. Cottrell challenges the ALJ's determination regarding the limitations caused by his medically determinable mental impairments. He contends the ALJ's decision is not supported by substantial evidence in the record; that the ALJ's step three analysis of his mental impairments was flawed; and that the ALJ failed to properly assess the consistency of his complaints with the evidence of record.

4

## IV. STANDARD OF REVIEW

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death[,] or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. §§ 404.1509; 416.920 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted).

The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing, e.g., *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

## V.   ANALYSIS

Mr. Cottrell suffers from medically determinable mental impairments including depression, anxiety, and PTSD. The crux of Mr. Cottrell's argument is that the ALJ's decision at steps three, four and five is not supported by substantial evidence because the ALJ gave "great weight" to the opinions of two non-examining state agency psychological consultants who reviewed only the evidence dated before Mr. Cottrell was diagnosed with PTSD. Pamela Davis, Ph.D., a state agency psychological consultant, rendered her opinion that Mr. Cottrell's mental impairments did not meet or medically equal either Listing 12.04 (affective disorders) or Listing 12.06 (anxiety related disorders). The last medical record she considered was generated in October 2014. (TR. 204-206). Suzanne Castro, Psy.D., another state agency psychological consultant came to the same conclusion. The last medical record she consulted was generated in November 2014. (TR. 225-228). The ALJ's determination that Mr. Cottrell's mental impairments cause a mild limitation in the area of understanding, remembering, and applying information; a moderate limitation in interacting with others; a moderate impairment in concentrating, persisting, or maintaining pace; and no limitations in his ability to adapt and manage himself, (TR. 1228), is based solely on these two opinions rendered without the benefit

of reviewing all medical evidence in the record. Because Mr. Cottrell applied for SSI as well as DIB, medical records dated after his date last insured are relevant to this case.

Mr. Cottrell testified that he has all too frequently been exposed to violence. As a child, he witnessed his father "pistol whipping" his mother; during the fray, the gun went off, shooting his mother in the head. The wound did not cause permanent damage or death. (TR. 1280). After their divorce, his former wife—the mother of his children—fatally shot herself. (TR. 1281). Perhaps most tragically, on December 13, 2013, Mr. Cottrell witnessed his younger daughter fatally shoot herself, prompting Mr. Cottrell to amend his onset date to December 16, 2013, to reflect the beginning of more severe mental problems, including PTSD with which he had yet to be formally diagnosed. (TR. 145; 1281).

Though Mr. Cottrell frequently sought help for his mental impairments during the intervening years, he was formally diagnosed with PTSD in 2017. On August 8, 2017, Mr. Cottrell sought psychological treatment from a new medical source. The examiner's intake notes indicate that Plaintiff was significantly depressed and anxious. A review of the record indicates Plaintiff's symptoms were particularly acute on this day, perhaps, because his older daughter had apparently attempted suicide shortly before Plaintiff's appointment.

> Today the patient appears disheveled wearing dirty clothes and is tearful. He reports racing thoughts, recurrent flashback of his daughter's suicide via gunshot which he witnessed, nightmares, hyper vigilance, and avoidance of reminder, recalling event and re-experiencing it with distress to a great extent x 3 years. The patient reports his older daughter also attempted suicide via OD, but is okay now and getting an evaluation done in Building D. The patient reports severe depression since the death of his daughter,

7

reports sad mood, irritability, sleep disturbances, reduced energy, fatigue x 3 years.

(TR. 1618).

Plaintiff was diagnosed with PTSD:

Pt endorses PTSD exposure or symptoms (hx of exposure to trauma with response of intense fear, helplessness, or horror, re-experiencing with distress (flashbacks), avoidance of reminders/discussing/recalling the event, unable to recall some important part of it, loss of interest in life, feeling detached or numbed, or fear that life will be shortened, early death x 3 years.

(TR. 1619).

To meet Listing 12.15 (Trauma- and stressor-related disorders), a claimant must provide medical evidence to support the "paragraph A" criteria and either the "paragraph B" criteria or the "paragraph C" criteria. *Id.*[4] The "paragraph A" criteria require medical documentation the following: (1) exposure to actual or threatened death, serious injury, or violence; (2) subsequent involuntary re-experiencing of the traumatic event (for example, intrusive memories, dreams, or flashbacks); (3) avoidance of external reminders of the event; (4) disturbance in mood and behavior; and (5) increases in arousal and reactivity (for example, exaggerated startle response, sleep disturbance). The symptoms recorded in the above-referenced intake note closely track the Paragraph A requirements of Listing 12.15. But the state agency consultants did not examine the requirements for Listing 12.15, and the record is devoid of any medical opinion supporting the ALJ's conclusion that Mr. Cottrell's mental impairment did not meet the requirements of Listing 12.15. As for the Paragraph B requirements, the ALJ's reliance on the mental consultants'

---

[4] Plaintiff does not contend that his impairment meets or equals the Paragraph C criteria.

previous evaluation is not sufficient. For one thing, it stands to reason that Plaintiff's limitations in the four areas of mental functioning worsened after he witnessed his daughter's death. The ALJ's decision is insufficient because there is no opinion assessing all of the Plaintiff's mental impairments.

The Court finds that the ALJ's decision lacks the support of substantial evidence in the record, given that Plaintiff was diagnosed with PTSD after the state agency psychological consultants rendered their opinion. It is apparent that the ALJ made his own assessment of the severity and limiting effects of Plaintiff's mental impairments based on inconclusive evidence. On remand, the ALJ should consider procuring a consultative mental examination of Mr. Cottrell, the testimony of a medical expert, or both.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES** the Commissioner's decision and **REMANDS** the case for further administrative proceedings.

ENTERED on October 29, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE